UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

Rodrigo Ruben Rendon,

          Plaintiff,      Case No. 25-cv-12503

v.                             Judith E. Levy
                              United States District Judge
Michigan Department of
Corrections, *et al.*,       Mag. Judge Curtis Ivy, Jr.

          Defendants.

_____/

**OPINION AND ORDER (1) GRANTING PLAINTIFF'S MOTION FOR LEAVE TO AMEND THE COMPLAINT [7], (2) PARTIALLY DISMISSING THE COMPLAINT [1, 7], AND (3) GIVING PLAINTIFF THIRTY DAYS TO FILE AN AMENDED COMPLAINT IN WHICH HE PROPERLY AND COMPLETELY IDENTIFIES THE DEFENDANTS HE WISHES TO SUE**

*Pro se* Plaintiff Rodrigo Ruben Rendon filed a civil rights complaint under 42 U.S.C. § 1983. (ECF No. 1.) He also filed a motion for leave to amend the complaint. (ECF No. 7.) Plaintiff is an inmate confined at the Central Michigan Correctional Facility in St. Louis, Michigan. (ECF No. 1, PageID.2–3, 5.) The Court has given him permission to proceed without prepayment of the filing fee (or to proceed *in forma pauperis*) under 28 U.S.C. § 1915(a)(1). (ECF No. 9.)

For the reasons that follow, the Court (1) grants Plaintiff's motion to amend the complaint (ECF No. 7), (2) partially dismisses the complaint (ECF Nos. 1, 7), and (3) gives Plaintiff thirty days from the date of this opinion and order to file an amended complaint in which he fully identifies the Defendants he wishes to sue.

I. **Legal Standard**

As noted above, Plaintiff has been allowed to proceed without prepayment of fees. (ECF No. 9.) *See* 28 U.S.C. § 1915(a)(1). Section 1915(e)(2)(B) states that

> [n]otwithstanding any filing fee, or any portion thereof, that may have been paid, the court shall dismiss the case at any time if the court determines that—
>
> * * *
>
> (B) the action or appeal—
>
> (i) is frivolous or malicious;
>
> (ii) fails to state a claim on which relief may be granted; or
>
> (iii) seeks monetary relief against a defendant who is immune from such relief.

2

28 U.S.C. § 1915(e)(2)(B). A complaint "is frivolous where it lacks an arguable basis either in law or in fact." *Neitzke v. Williams*, 490 U.S. 319, 325 (1989); *see Denton v. Hernandez*, 504 U.S. 25, 31–34 (1992).

A complaint "does not need detailed factual allegations," but the "[f]actual allegations must be enough to raise a right to relief above the speculative level . . . on the assumption that all the allegations in the complaint are true (even if doubtful in fact)." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (footnote and internal citations omitted). Stated differently, "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Twombly*, 550 U.S. at 570). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* (citing *Twombly*, 550 U.S. at 556).

To state a civil rights claim under § 1983, a plaintiff must allege that (1) they were deprived of a right, privilege, or immunity secured by the federal Constitution or laws of the United States and (2) the deprivation was caused by a person acting under color of state law.

3

*Flagg Bros., Inc. v. Brooks*, 436 U.S. 149, 155–57 (1978); *see Doe on behalf of Doe #2 v. Metro. Gov't of Nashville & Davidson Cnty.*, 35 F.4th 459, 468 (6th Cir. 2022). Courts hold a pro se complaint "to less stringent standards than formal pleadings drafted by lawyers." *Haines v. Kerner*, 404 U.S. 519, 520 (1972); *see Boswell v. Mayer*, 169 F.3d 384, 387 (6th Cir. 1999) ("Pro se plaintiffs enjoy the benefit of a liberal construction of their pleadings and filings.").

## II. Background

Plaintiff alleges that between January 23, 2024 and July 31, 2025, he suffered severe chest pains while incarcerated at the Central Michigan Correctional Facility. (ECF No. 1, PageID.3.) He alleges that he "express[ed] the urgency for help" and that individuals who worked at the facility denied him medical assistance. (*Id.* at PageID.3–5.) He alleges violations of the United States and Michigan Constitutions. (*Id.* at PageID.1–2, 4–5.) He seeks declaratory and monetary relief. (*Id.*)

The body of the complaint indicates that "[t]his civil rights action is filed by [Plaintiff] Rodrigo Ruben Rendon[,] a state prisoner," under § 1983. (*Id.* at PageID.1.) Yet the complaint's case caption identifies the Michigan Department of Corrections (MDOC) as the "Plaintiff,

4

Respondent." The complaint's case caption identifies Plaintiff (Rodrigo Ruben Rendon) as the "Defendant." (*Id.*)

In his motion for leave to amend the complaint, Plaintiff requests "leave to cure deficiencies in the pleading" related to the case caption and the identification of the Defendants. (ECF No. 7, PageID.14.) He makes this request under Federal Rule of Civil Procedure 15(a). (*Id.* at PageID.15–16.) He "asserts that his motion is not an act of voluntary withdrawal of his claims." (*Id.* at PageID.16.)

Plaintiff states in his motion that "he relied on another inmate to properly prepare his complaint." (*Id.* at PageID.14.) A "legal writter [sic]" who later reviewed Plaintiff's documents "noticed that the caption had a serious error, it showed that the Michigan Department of Corrections was listed as the Plaintiff and he as the defendant." (*Id.*) Plaintiff "asserts that the listing of defendants are not properly listed." (*Id.* at PageID.14–15.) He indicates that the motion's case caption "is the correct one." (*Id.* at PageID.15.) Plaintiff "seek[s] to amend the original caption" with the case caption that appears in the motion. (*Id.*) The motion's case caption identifies Plaintiff (Rodrigo Ruben Rendon) as the "Plaintiff." (*Id.* at PageID.14.) The case caption names the

5

following entities and individuals as the "Defendants": the MDOC, the "Bureau of Health Care Contractual Medical Provider(s),[1] Registered Nurse Tamara, Sgt. Drouillard, MDOC Staff, (CMCF), Corrections Officer Castrol, 100 Unknown Defendants, et al." (*Id.*) Language that appears beneath the list of Defendants in the motion's case caption states that the Defendants are "[b]eing sued in the official and individual capacity." (*Id.*)

### III. Discussion

#### A. Plaintiff's motion for leave to amend the complaint is granted.

Under Federal Rule of Civil Procedure 15(a)(1)(A), "[a] party may amend its pleading once as a matter of course no later than . . . 21 days after serving it." Fed. R. Civ. P. 15(a)(1)(A). "In all other cases, a party

---

[1] Regarding the Bureau of Health Care Contractual Medical Provider(s), Plaintiff states in his motion that

> he was unware [sic] of the Michigan Department of Corrections Bureau of Health Care Contractual Medical Provider(s) Contractor in which they furnish medical staffers and is employees of the medical contractor. MDOC refuse [sic] to provide the name(s) of said company. Thus Plaintiff Rendon is using the "Contractual Medical Provider(s).["] This is one of the reason(s) that they are being included because RN Tamara is either employed by MDOC or the Health Contractor(s). Therefore they too must be added, in said amendment.

(ECF No. 7, PageID.15.)

may amend its pleading only with the opposing party's written consent or the court's leave. The court should freely give leave when justice so requires." Fed. R. Civ. P. 15(a)(2). "'[I]n order to determine' whether justice requires leave to amend, . . . [a]t an absolute minimum, the Court must be presented with 'the substance of the proposed amendment.'" *Johnson v. FCA US LLC*, 555 F. Supp. 3d 488, 509 (E.D. Mich. 2021) (quoting *Beydoun v. Sessions*, 871 F.3d 459, 469–70 (6th Cir. 2017)). Thus, "a motion for leave to amend must state with particularity the grounds for amendment." *Patterson v. Novartis Pharms. Corp.*, 451 F. App'x 495, 499 (6th Cir. 2011) (citing Fed. R. Civ. P. 7(b), 15(a)(2); *Evans v. Pearson Enters., Inc.*, 434 F.3d 839, 853 (6th Cir. 2006)). A district court can allow an inmate to amend their complaint even when the original complaint might be subject to dismissal under the Prison Litigation Reform Act's screening requirements for prisoner suits, which include the requirements that appear in § 1915(e)(2)(B). *See LaFountain v. Harry*, 716 F.3d 944, 951 (6th Cir. 2013) (holding "that under Rule 15(a) a district court can allow a plaintiff to amend his complaint even when the complaint is subject to dismissal under the PLRA [Prison Litigation Reform Act]").

7

Here, Plaintiff seeks leave to amend the complaint to (1) modify the complaint's case caption and (2) name additional Defendants he wishes to sue. There is no indication on the docket that service of the complaint has been completed. The Court grants Plaintiff's motion for leave to amend the complaint. (ECF No. 7.) Plaintiff may amend the complaint for the purposes identified above.

### B. The complaint is partially dismissed: the MDOC is dismissed as a Defendant.

The Court dismisses the MDOC as a Defendant under § 1915(e)(2)(B). The Sixth Circuit has stated that

> "[t]here can be no doubt . . . that suit against [a] State and its Board of Corrections is barred by the Eleventh Amendment, unless [the State] has consented to the filing of such a suit," *Alabama v. Pugh*, 438 U.S. 781, 782, 98 S. Ct. 3057, 57 L.Ed.2d 1114 (1978), or unless Congress has expressly abrogated Eleventh Amendment immunity. *See Pennhurst State Sch. & Hosp. v. Halderman*, 465 U.S. 89, 99, 104 S. Ct. 900, 79 L.Ed.2d 67 (1984). It is well established that § 1983 does not abrogate the Eleventh Amendment, *see Quern v. Jordan*, 440 U.S. 332, 341, 99 S. Ct. 1139, 59 L.Ed.2d 358 (1979), and that Michigan has not consented to the filing of civil rights suits against it in federal court. *See Abick v. Michigan*, 803 F.2d 874, 877 (6th Cir. 1986).

*Harrison v. Michigan*, 722 F.3d 768, 771 (6th Cir. 2013) (first alteration added). "As Congress did not abrogate the Eleventh Amendment when

enacting § 1983, neither a state, a state agency, nor a state official sued in his official capacity is a 'person' subject to suit under § 1983." *Rodgers v. Mich. Dep't of Corr.*, 29 F. App'x 259, 260 (6th Cir. 2002) (citing *Will v. Mich. Dep't of State Police*, 491 U.S. 58, 66–71 (1989)); *Harrison*, 722 F.3d at 771 ("We have consistently held that [the] MDOC . . . is [not] a 'person' that may be sued for money damages under § 1983." (citing *Diaz v. Mich. Dep't of Corr.*, 703 F.3d 956, 962 (6th Cir. 2013))). Eleventh Amendment "immunity 'bars all suits, whether for injunctive, declaratory or monetary relief, against the state and its departments.'" *Longmire v. Mich. Dep't of Corr.*, No. 20-1389, 2021 WL 5352809, at *2 (6th Cir. June 9, 2021) (quoting *Thiokol Corp. v. Mich. Dep't of Treasury*, 987 F.2d 376, 381 (6th Cir. 1993)). The MDOC is therefore dismissed from the case. *See id.* (finding that "the district court properly dismissed [the MDOC, a defendant,] from the case" because of Eleventh Amendment immunity); *Longmire*, 2021 WL 5352809, at *2 (concluding that "the district court correctly dismissed [the plaintiff's] claims against the MDOC . . . on Eleventh Amendment grounds"); *Rodgers*, 29 F. App'x at 260 ("[T]he district court properly

9

dismissed the complaint for failure to state a claim because [the plaintiff] named a state agency[, the MDOC,] as the sole defendant.").

### C. Plaintiff has thirty days from the date of this opinion and order to file an amended complaint in which he properly identifies the Defendants he wishes to sue.

"An inmate bringing a civil rights complaint must specifically identify each defendant against whom relief is sought, and must give each defendant notice of the action by serving upon him or her a summons and copy of the complaint." *Proch v. King*, No. 2:22-CV-12141, 2022 WL 4866456, at *1 (E.D. Mich. Oct. 3, 2022) (citing *Feliciano v. DuBois*, 846 F. Supp. 1033, 1048 (D. Mass. 1994)). "Where a plaintiff is proceeding as a pauper, the district court bears the responsibility for issuing the plaintiff's process to a United States Marshal who must effect service upon the defendants once the plaintiff has properly identified the defendants in the complaint." *Williams v. McLemore*, 10 F. App'x 241, 243 (6th Cir. 2001) (internal citations omitted); *see Byrd v. Stone*, 94 F.3d 217, 219 (6th Cir. 1996); Fed. R. Civ. P. 4(c); 28 U.S.C. § 1915(d).

In this case, the complaint cannot be served at this time because Plaintiff does not properly identify the Defendants. Plaintiff does not

10

provide the full names of Tamara, Drouillard, and Castrol. Without this information, the United States Marshal is unable to properly effect service. As a result, the Court cannot direct Marshal service. Moreover, Plaintiff indicates in his amended case caption that he is suing "MDOC Staff" and "100 Unknown Defendants." (ECF No. 7, PageID.14.) Because Plaintiff has not provided identifying information as to these Defendants, the Court is unable to order the United States Marshal to serve them as well. The Court also notes that Plaintiff does not explain in the body of the complaint the unnamed Defendants' roles in the alleged violations that form the basis of his claims. *See Frazier v. Michigan*, 41 F. App'x 762, 764 (6th Cir. 2002) ("[A] complaint must allege that the defendants were personally involved in the alleged deprivation of federal rights." (citing *Hall v. United States*, 704 F.2d 246, 251 (6th Cir. 1983))); *Twombly*, 550 U.S. at 555; *Iqbal*, 556 U.S. at 678. Therefore, the Court orders Plaintiff to file an amended complaint within thirty days of the date of this opinion and order in which he (1) provides the full name of any Defendant he wishes to sue, including the full names of Tamara, Drouillard, Castrol, "MDOC Staff," and the "100 Unknown Defendants"; and (2) describes in specificity the personal

11

involvement of the Defendants, including the unnamed Defendants, in the alleged deprivation of his medical care. *See* E.D. Mich. LR 15.1 ("Any amendment to a pleading, whether filed as a matter of course or upon a motion to amend, must, except by leave of court, reproduce the entire pleading as amended, and may not incorporate any prior pleading by reference.").

## IV. Conclusion

For the reasons set forth above, it is ordered that:

(1) Plaintiff's motion for leave to amend the complaint (ECF No. 7) is GRANTED;

(2) The complaint (ECF Nos. 1, 7) is partially dismissed: the MDOC is dismissed as a Defendant; and

(3) Within thirty days of the date of this opinion and order, Plaintiff must file an amended complaint in which he (A) provides the full name of any Defendant he wishes to sue, including the full names of Tamara, Drouillard, Castrol, "MDOC Staff," and the "100 Unknown Defendants"; and (B) specifies the personal involvement of the Defendants, including the unnamed Defendants, in the alleged

deprivation of his medical care. **If Plaintiff fails to provide any of this information to the Court by the deadline, or if Plaintiff fails to comply with this opinion and order in any way, the Court may impose sanctions that could include (a) the dismissal of Tamara, Drouillard, Castrol, "MDOC Staff," and/or the "100 Unknown Defendants" from the case as well as (b) the dismissal of the entire case.**

IT IS SO ORDERED.

Dated: January 26, 2026     s/Judith E. Levy
   Ann Arbor, Michigan     JUDITH E. LEVY
                                        United States District Judge

## CERTIFICATE OF SERVICE

The undersigned certifies that the foregoing document was served upon counsel of record and any unrepresented parties via the Court's ECF System to their respective email or first-class U.S. mail addresses disclosed on the Notice of Electronic Filing on January 26, 2026.

                                        s/William Barkholz
                                        WILLIAM BARKHOLZ
                                        Case Manager